## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-60293-CIV-ALTMAN/Hunt

**SCOTTSDALE INSURANCE**
**COMPANY**,

      Plaintiff,

v.

**THE SINGING CLUB, INC.,**
**LEONARD C. ESTER III, and**
**DGAM HOLDINGS, LLC**,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on the parties' Cross-Motions for Judgment on the

Pleadings ("Cross-Motions") [ECF Nos. 16 and 18]. The Court held a hearing on the Cross-

Motions on May 16, 2019 [ECF No. 24],[1] at which the parties agreed and stipulated to the

following schedule:

1.  By **May 21, 2019**, Ester shall file an Amended Complaint in the underlying state court

    case,[2] alleging that Ester's injuries arose out of physical abuse and were caused by

    either (1) an employee of The Singing Club or (2) The Singing Club's failure to

    supervise.

---

[1] Jarrett L. DeLuca appeared on behalf of the Defendant, Leonard C. Ester III ("Ester"). Stella Jihyun Lane appeared on behalf of the Plaintiff, Scottsdale Insurance Company (Scottsdale"). The Co-defendants, DGAM Holdings, LLC and The Singing Club, Inc., did not appear. The Clerk of Court entered a Clerk's Default against both DGAM Holdings, LLC, and The Singing Club, Inc., on March 28, 2019 [ECF No. 15].

[2] Eleventh Judicial Circuit Court Case Number 2018-040520-CA-01 ("the underlying state court case").

2. By **May 22, 2019**, Ester shall file in this Court a Notice of Filing Amended Complaint in State Court. Ester shall attach the amended complaint to the Notice and highlight those portions of the amended complaint that purport to comply with this Order.

3. By **May 31, 2019**, the parties shall file a Joint Motion for Entry of Partial Judgment on the Pleadings and to Dismiss. In that Joint Motion, the parties shall ask the Court to order as follows:

   a. Under the terms of the Commercial General Liability Coverage Part ("CGLC"), Scottsdale has no duty either to indemnify or to defend on the claims Ester has brought in the underlying state court case;

   b. Under the terms of the Sexual and/or Physical Abuse Liability Coverage Form, Scottsdale does have a duty to defend on the claims Ester has brought in the underlying state court case; and

   c. Because the question of Scottsdale's duty to indemnify under the terms of the Sexual and/or Physical Abuse Liability Coverage Form is, at this stage, premature, *see Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, No. 18-14195, 2019 WL 1093211 at *2 (11th Cir. Mar. 8, 2019) (noting that determination of a duty to indemnify is not ripe for adjudication until the underlying lawsuit is resolved), the Court should dismiss this portion of Scottsdale's Complaint without prejudice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3